41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Thomas W. SMITH, Jr., Plaintiff-Appellant, Cross-Appellee,
v.
Donna WENDELL, Defendant-Appellee, Cross-Appellant.
 Nos. 90-2474, 90-2569.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1994.*
Decided Nov. 15, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Thomas Smith, a prisoner of Illinois, filed this action against Donna Wendell, the supervisor of the mail room at Menard Correctional Center. He contended that the mail room failed to forward some pieces of mail to him as he moved from one prison to another, thereby violating the first amendment to the Constitution (applied to the states by the fourteenth amendment).
 
 
 2
 After a trial, the magistrate judge (presiding by consent, see 28 U.S.C. Sec. 636) concluded that the mail room had indeed neglected to forward some pieces of mail and ordered Wendell to pay $4 in damages. The judge did not address Smith's request for an injunction, leading to a remand for further proceedings. Eventually the judge declined to issue an injunction, and both sides have appealed.
 
 
 3
 One issue is dispositive, and we therefore address it immediately. Wendell says that she was not responsible for any of the four letters that the judge found had not been properly forwarded. No rule of law attributes to Wendell the actions of her subordinates--not, at least, unless the supervisor knew about and approved, or recklessly encouraged, those activities. See, e.g., Maltby v. Winston, No. 92-1846 (7th Cir. Sept. 14, 1994), slip op. 20. The magistrate judge did not find that Wendell had failed to handle mail correctly; instead he concluded that the mail room had erred. That does not justify any relief against Wendell.
 
 
 4
 We see no need to remand for further proceedings. Wendell is entitled to judgment as a matter of law. Fed.R.Civ.P. 50. All of the evidence presented at trial shows that the normal operating procedures of the mail room comport with the first amendment. No evidence links Wendell to the particular errors that the judge found. The marks on the envelopes were not in Wendell's handwriting. It may be that prisoners have difficulty identifying persons responsible for mail-room errors, but the difficulty of proof does not justify imposing damages on a person who is demonstrably not culpable. Hessel v. O'Hearn, 977 F.2d 299 (7th Cir.1992).
 
 
 5
 The judgment awarding damages is reversed, and the order denying the motion for injunctive relief is affirmed.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record